**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00002-CR**
_____

**WANDA KOLACEK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR30214 (Counts 1 and 2)**

**MEMORANDUM OPINION**

In an open plea, Wanda Kolacek (Kolacek) pleaded guilty to two counts of forgery of a government document. *See* Tex. Penal Code Ann. § 32.21(e) (West 2011). Kolacek waived a jury trial. Kolacek pleaded "true" in each count to the State's allegation that she had been convicted of committing nine prior felonies. Based on Kolacek's pleas, the trial court assessed a two-year sentence for each count, to be served concurrently, and also ordered restitution in the amount of $1,100.00 in Count I. Kolacek timely filed a notice of appeal.

1

Kolacek's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 13, 2015, and September 17, 2015, we granted extensions of time for Kolacek to file a *pro se* brief. Kolacek filed a *pro se* brief in response.

The Texas Court of Criminal Appeals has explained that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, we may determine that (1) "the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error[]" or that (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have determined that this appeal is wholly frivolous. We have independently examined the entire appellate record in this matter, as well as all briefs, and we agree that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We note that in each judgment the section entitled "Terms of Plea Bargain[,]" incorrectly recites that there was a plea bargain but the record indicates

2

that Kolacek entered a guilty plea but did not enter into a plea bargain with the State as to either count. We also note that in each judgment the section entitled "Plea to Enhancement Paragraph(s)[,]" incorrectly recites "N/A" when the record indicates that Kolacek entered a plea of "true" to the enhancement paragraphs. This Court has the authority to reform the trial court's judgments to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, in each judgment we delete the language in the "Terms of Plea Bargain[]" section and substitute "N/A" in its place, and we delete the "N/A" in the section entitled "Plea to Enhancement Paragraph(s)[]" and substitute "True" in its place. We affirm the trial court's judgments as reformed.[1]

AFFIRMED AS REFORMED.

_____
LEANNE JOHNSON
Justice


Submitted on November 30, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1] Kolacek may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3